[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15203
Non-Argument Calendar
_____

D.C. Docket Nos. 2:13-cv-00377-WHA-CSC; 2:11-cr-00048-MEF-CSC-1


LORETTA FERGERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 31, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Loretta Fergerson, proceeding pro se, appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate her sentence.  On appeal, Fergerson argues that her counsel was ineffective for failing to object to the use of the 2011 Sentencing Guidelines Manual on ex post facto grounds and to the imposition of a four-level number-of-victims enhancement under U.S.S.G. § 2B1.1(b)(2)(B).[1] Specifically, she argues that the 2011 manual expanded the definition of victims to include not only those who suffered a loss but also those whose means of identification were used unlawfully.  She argues that without the expanded definition, the government could not have proven there were 50 or more victims from her offenses, which involved the submission of fraudulent tax returns.  After careful consideration of the record and the parties' briefs, we affirm.

At Fergerson's sentencing hearing, the government presented evidence that Fast Tax Cash prepared 1,566 tax returns, and Fergerson admitted in her plea agreement that a majority of those returns were fraudulent.  The government also presented evidence of 135 client folders containing false ID documents for which 118 refunds were paid.

In a "§ 2255 proceeding, we review legal conclusions de novo and factual findings for clear error.  Ineffective assistance of counsel claims are mixed

---

[1] When we refer to the enhancement under U.S.S.G. § 2B1.1(b)(2)(B), we are referring to the 2011 Guidelines Manual, under which Fergerson was sentenced.  We note that the guidelines have since decreased the number of victims for a four-level enhancement to five victims.

2

questions of law and fact that we review de novo." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014) (internal citation omitted).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*, 104 S. Ct. at 2064. To make such a showing, a prisoner must prove two things: (1) "counsel's performance was deficient;" and (2) "the deficient performance prejudiced the defense." *See id.* at 687, 104 S. Ct. at 2064. Performance is deficient when "it f[alls] below an objective standard of reasonableness and [i]s outside the wide range of professionally competent assistance." *See Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.

The Ex Post Facto Clause prohibits the government from enacting any laws that retroactively increase the punishment for an offense beyond what was prescribed when the offense was committed. *See Collins v. Youngblood*, 497 U.S.

3

37, 43, 110 S. Ct. 2715, 2719 (1990).  Generally, sentencing courts "use the Guidelines Manual [that is] in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a).  To avoid ex post facto concerns, however, the district court must use the manual that was in effect at the time of the offense if using the manual that is in effect at the time of sentencing would result in a higher guidelines range.  *See Peugh v. United States*, 569 U.S. ___, ___, 133 S. Ct. 2072, 2084–85 (2013).

Under the Guidelines, a defendant who was convicted of an offense involving fraud receives a four-level enhancement if the offense involved 50 or more victims.  *See* U.S.S.G. § 2B1.1(b)(2)(B).  In both the 2008 and 2011 Guidelines Manuals, a "victim" is defined as "(A) any person who sustained any part of the actual loss determined under subsection (b)(1); or (B) any individual who sustained bodily injury as a result of the offense."  *Id.* § 2B1.1, comment. (n.1) (2008 & 2011).

Amendment 726, which became effective on November 1, 2009, expanded the definition of "victim" by adding the following application note:

> (E) Cases Involving Means of Identification.—For purposes of [§ 2B1.1(b)(2)], in a case involving means of identification "victim" means (i) any victim as defined in Application Note 1; or (ii) any individual whose means of identification was used unlawfully or without authority.

U.S.S.G. App. C, Amend. 726; *see also* U.S.S.G. § 2B1.1, comment. (n.4(E)) (2011).

When a defendant disputes a fact underlying his sentence, the government must prove that "disputed fact by a preponderance of the evidence." *See United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) (per curiam). In determining the number of victims, the district court can make reasonable inferences "based on common sense and ordinary human experience." *See id.* at 885–86.

The district court did not err in denying Fergerson's § 2255 motion. Even assuming that Fergerson's counsel performed deficiently, Fergerson has not demonstrated that she was prejudiced by her counsel's failure to object to the § 2B1.1(b)(2)(B) enhancement or the use of the 2011 Guidelines Manual because she has not shown that the result of the proceeding would have been different had those objections been raised. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. If Fergerson's counsel had objected, the government would have been required to prove by a preponderance of the evidence that at least 50 victims suffered financial loss from Fergerson's offense conduct. *See Philidor*, 717 F.3d at 885. It is reasonable to infer that the government could prove more than fifty victims because of the 135 client folders containing false ID documents for which 118 refunds were paid. Therefore, Fergerson has not met her burden to show that had

her counsel objected, the result of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Fergerson has not established that she was prejudiced by her counsel's allegedly deficient performance and her claim of ineffective assistance of counsel fails.  *See id.*

**AFFIRMED.**